UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X  Case No.:

JAZZNELL FURMAN,

                      Plaintiff,                  **COMPLAINT**

    - against -

THE NEW YORK GRACIE SQUARE HOSPITAL, INC.    **PLAINTIFF DEMANDS A TRIAL BY JURY**

                   Defendant.

------------------------------------------------------------X

Plaintiff JAZZNELL FURMAN, by and through her attorney, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendant upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-107, *et seq.* ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being **<u>Sexually Harassed and Discriminated against on the basis of her Gender, and Constructively Discharged.</u>**

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district

where a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL PREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated May 28, 2015, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Notice.

## PARTIES

8. At all times relevant, Plaintiff JAZZNEL FURMAN ("Plaintiff") was and is a resident of the State of New York and County of Bronx.

9. At all times relevant, Defendant THE NEW YORK GRACIE SQUARE HOSPITAL, INC. ("GRACIE SQUARE HOSPITAL") was and is a domestic not-for-profit corporation, duly existing under, and by virtue of, the laws of the State of New York, and maintains its principal place of business at 420 East 76th Street, New York, NY, 10021.

10. At all times relevant, Defendant GRACIE SQUARE HOSPITAL owns and/or operates "The Gracie Square Hospital" located at 420 East 76th Street, New York, NY, 10021 ("the hospital").

## MATERIAL FACTS

11. In or around April 2010, Plaintiff began working for Defendant GRACIE SQUARE HOSPITAL as a "housekeeper," earning approximately $25,000 to $30,000 in annual salary.

12. Plaintiff met an individual named George Endarnation ("Endarnation") who was/ is a fellow co-worker in the hospital's housekeeping department.

13. From April 2010 until February 2014, Plaintiff and Endarnation were friends and always had a purely platonic relationship. However, that changed in February 2014.

14. Specifically, on or about February 12, 2014, Endarnation suggested to Plaintiff that they should "hang out more often," but as "more than just friends." Further, Endarnation explicitly suggested that they commence a sexual relationship. In response, Plaintiff unequivocally told him no and informed him that she "look[s] at [him] like a brother."

15. Thereafter, near the end of February 2014, Plaintiff began to hear that Endarnation was spreading rumors about her. Specifically, fellow co-workers began telling Plaintiff that they heard she was giving Endarnation oral sex on a regular basis. Further, Plaintiff was informed that Endarnation was telling fellow co-workers that Endarnation was saying that he had been engaging in a routine of calling Plaintiff on the phone late at night, having her come over to perform oral sex on him, and then "kick[ing] her out" of his apartment.

16. In or around the beginning of March 2014, Plaintiff confronted Endarnation about the rumors, to which Endarnation admitted that he had indeed been falsely telling co-workers that she had been giving him oral sex.

17. As a result, Plaintiff warned Endarnation that if he continued spreading rumors she would "go to management."

18. However, despite Plaintiff's plea for Endarnation to stop, he continued. Additionally, Endarnation began threatening Plaintiff to stop telling others that his claims were untrue. As for the threats, Endarnation said to Plaintiff statements such as, "Jazz, you need to keep my name out your mouth or I am gonna show you my ugly side."

19. Further, during this time, Endarnation made repeated inquiries as to whether Plaintiff wanted to go to a "hotel with [him]," suggesting that they go there in order to have sex.

20. Plaintiff repeatedly told Endarnation no and expressed that she had no interest, that he was making her feel uncomfortable, and that she did not appreciate the threats.

21. On or about March 27, 2014, Plaintiff met with a woman named Gina from Defendant GRACIE SQUARE HOSPITAL's human resources department and explained to her in detail the sexual harassment she was facing. Plaintiff also hand-delivered to Gina a complaint letter. In that letter, Plaintiff outlined, inter alia, the sexual harassment she had been facing at the hands of Endarnation, as well as the threats he had been making.

22. Approximately ten days passed and Plaintiff received no response from the hospital's human resources department. In response, Plaintiff called Gina and informed her that she was still being harassed. Gina told Plaintiff that she would get back with her. Furthermore, during this time the harassment by Endarnation not only continued, but in fact, worsened.

23. During these weeks Plaintiff continued to be harassed by Endarnation and further, created an unlawful retaliatory hostile work environment. Notably, Endarnation threatened Plaintiff that if she continued to go to human resources, he would "call the police" on her and "have [her] kids taken away." Furthermore, Endarnation threatened Plaintiff by telling her that he would "f*** [her] up outside of work."

24. Further, Endarnation repeatedly and continuously came to the floor where Plaintiff worked in an effort to harass and threaten her. This happened an average of at least once every day.

25. Plaintiff suffered considerable emotional distress during this period due to the unlawful hostile work environment. In fact, Plaintiff began having panic attacks at work and began being treated by a physician due to the stress, in or near the beginning of April 2014.

      This physician prescribed Plaintiff medical treatment due to the emotional distress from which she was suffering.

26. On or about April 14, 2014, Plaintiff again stopped by Gina's office and hand-delivered another complaint regarding the sexual harassment that she was experiencing and expressed to Gina discontent with the fact that her initial complaint had been ignored.

27. That day, Plaintiff also hand-delivered copies of this letter to three individuals—to wit—Frank Bruno (the CEO of the hospital), Steve Hersberg (Director of human resources of the hospital), and David Vasquez (Director of housekeeping of the hospital).

28. On or about April 30, 2014, Plaintiff met with two members of the hospital's human resources department and again explained the harassment and threats she had been subjected to. Furthermore, at this meeting Plaintiff alerted them that she did not feel safe at work.

29. Nevertheless, the sexual harassment persisted. Specifically, Endarnation continued to be scheduled at the same time as Plaintiff. Further, he repeatedly visited Plaintiff's floor, made comments of the sexual nature, and made unwelcome and offensive gestures at her such as smiling and winking, as well as blowing her kisses.

30. In or around the end of July 2014, the situation became so intolerable and Plaintiff felt so uncomfortable due to Endarnation's actions and Defendant GRACIE SQUARE HOSPITAL's deliberate inaction that she felt compelled to resign. Accordingly, she was constructively discharged.

31. Plaintiff met with members of human resources prior to leaving and explained why she felt compelled to resign and expressed her medical condition. Thereafter, Plaintiff returned to work at the hospital in or around October 2014.

32. As a result of the foregoing, Plaintiff was subjected to an unlawful hostile work environment and was discriminated against on the basis of her gender, which interfered with her ability to perform her job with the hospital.

33. Further, Defendant GRACIE SQUARE HOSPITAL condoned and/or acquiesced to the existence of an unlawful hostile work environment.

34. Defendant GRACIE SQUARE HOSPITAL also intentionally and deliberately condoned the intolerable working conditions suffered by Plaintiff.

35. Plaintiff has felt and continue to feel offended, disturbed, and humiliated by the unlawful discrimination she has suffered at the hands of Defendant GRACIE SQUARE HOSPITAL.

36. Defendant GRACIE SQUARE HOSPITAL's actions and conduct were intentional and intended to harm Plaintiff.

37. As a result of Defendant GRACIE SQUARE HOSPITAL's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of the acts and conduct complained of, Plaintiff has suffered loss of wages and benefits, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

39. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the Court.

40. Defendant GRACIE SQUARE HOSPITAL's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against Defendant GRACIE SQUARE HOSPITAL, jointly and

severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

43. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e, *et seq.*, by discriminating against Plaintiff because of her gender.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

44. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

46. Defendant engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

47. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. The New York City Administrative Code § 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1. the employee or agent exercised managerial or supervisory responsibility; or

        2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        3. the employer should have known of the employee's or agent's

       discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

   c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

49. Defendant violated the section cited herein as set forth.

## JURY DEMAND

50. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964 and the New York City Administrative Code § 8-107, *et. seq.*, in that Defendant <u>sexually harassed and discriminated against Plaintiff</u> on the basis of her gender, and;

B. Awarding Plaintiff compensatory damages for lost wages and benefits, mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
July 22, 2015

                                                        **PHILLIPS & ASSOCIATES,**
                                                        **ATTORNEYS AT LAW, PLLC**

By: _____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
cwolnowski@tpglaws.com

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Jazznell Furman
728 East 239th Street, Apt. 1
Bronx, NY 10466

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-03042 | Edward J. Ostolski, Investigator | (617) 565-3214 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Feng K. An,
Area Office Director

5-28-15
(Date Mailed)

Enclosures(s)

cc:  Michael T. McGrath, Esq.
Putney, Twombly, Hall & Hirson LLP
521 E 5th Avenue
New York, NY 10175

Casey Wolnowski, Esq.
PHILLIPS & ASSOCIATES ATTORNEYS AT LAW, PLLC
45 Broadway, Suite 620
New York, NY 10006